```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
HARI HOTELS, LLC,                  Civil Action No. 18-8018

            Plaintiff,
                                   OPINION
      v.

SNG PROPERTIES LLC and A
HUNTS MILLS ASSOCIATES, LLC,

            Defendants.
```

**APPEARANCES:**

MALCOLM S. GOULD
SILVERANG ROSENZWEIG & HALTZMAN
900 E. 8TH AVENUE
SUITE 300
KING OF PRUSSIA, PA 19406

MARK S. HALTZMAN
SILVERANG ROSENZWEIG & HALTZMAN
900 E. 8TH AVENUE
SUITE 300
KING OF PRUSSIA, PA 19406

   *Counsel for Plaintiff.*

KENNETH S. GOODKIND
FLASTER/GREENBERG, P.C.
1810 CHAPEL AVENUE WEST
CHERRY HILL, NJ 08002

   *Counsel for Defendants.*

**HILLMAN**, **District Judge**

This matter comes before the Court on motion of Hari Hotels, LLC ("Plaintiff") for an award of attorneys' fees and costs (the "Motion"). (ECF No. 30). SNG Properties LLC and A

Hunts Mills Associates LLC (collectively, "Defendants") challenge the reasonableness of the fee requested by Plaintiff. For the reasons that follow, the Court will grant Plaintiff's Motion in its entirety.

**BACKGROUND**

On September 21, 2017, Plaintiff agreed to purchase a Holiday Inn in Clinton, New Jersey from Defendants (the "Agreement"). See (ECF No. 1-1 at 1). The Agreement required Plaintiff to make an initial deposit of $100,000 to secure its performance, (Agreement at ¶4(a)), but also provided a due diligence period of 45 days, within which, Plaintiff had an absolute right to cancel the transaction and have its deposit returned. See (Agreement at ¶6(v)) ("If, on or before the expiration of the Due Diligence Period, Buyer elects to terminate this Agreement, the Initial Deposit shall be returned to Buyer . . .").

Before the due diligence period expired, Plaintiff exercised its right to terminate the Agreement and asked that its deposit be returned. Defendants refused and Plaintiff filed suit seeking return of the deposited funds, along with attorneys' fees and costs related to the litigation. See (Agreement at ¶22(j)) (The Agreement explains that "[i]n connection with any litigation . . . arising out of this Agreement, the prevailing party shall be entitled to recover

reasonable attorney's fees and court costs from the other party").

After various court-sponsored conferences and settlement efforts, the parties presented this Court with a stipulated order largely resolving this matter, which this Court entered on July 12, 2019.  (ECF No. 29).  In the stipulated order, the parties agreed that Defendant would return Plaintiff's entire deposit, and the parties further agreed that Plaintiff shall "be considered a 'prevailing party' entitled to submit a . . . Motion for recovery of its reasonable attorneys' fees and costs incurred in connection with the dispute."  (ECF No. 29).

On August 23, 2019, Plaintiff submitted its Motion. Defendants oppose the request on the basis that the fee Plaintiff seeks is not reasonable. (ECF No. 33).  This matter is fully briefed and ripe for adjudication.

## DISCUSSION

I. Subject Matter Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

II. Legal Standard & Disputed Issues

New Jersey law governs the parties' relationship. (Agreement at ¶22(i)).  As such, in determining the reasonableness of Plaintiff's fee request, the Court looks to New Jersey law for guidance.

3

"In determining the reasonableness of an attorneys' fee award, the threshold issue 'is whether the party seeking the fee prevailed in the litigation.'" Litton Indus., Inc. v. IMO Indus., Inc., 982 A.2d 420, 428 (N.J. 2009) (citing N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 730 A.2d 843 (N.J. 1999)).

"The next step in determining the amount of the award is to calculate the 'lodestar,' which is that number of hours reasonably expended by the successful party's counsel in the litigation, multiplied by a reasonable hourly rate." Litton, 982 A.2d at 428 (citing Furst v. Einstein Moomjy, Inc., 860 A.2d 435 (N.J. 2004)). Under the lodestar approach, "court[s] determine[ ] an attorney's lodestar award by multiplying the number of hours he or she reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 773 (3d Cir. 2019) (quoting Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 n.1 (3d Cir. 2000)).

The lodestar method "yields a fee that is presumptively sufficient[.]" S.S. Body Armor, 927 F.3d at 773 (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)). Courts may not reduce an award *sua*

*sponte*; rather, they may only do so in response to specific objections made by the opposing party. Bell v. United Princeton Properties, Inc., 884 F.2d 713, 719 (3d Cir. 1989). Once the opposing party has made a specific objection, the burden is on the plaintiff to justify the size and reasonableness of its request. Wade v. Colaner, No. 06-cv-3715-FLW, 2010 WL 5479625, at *4 (D.N.J. Dec. 28, 2010) (citing Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 713 (3d Cir. 2005)).

   III. Plaintiff's Motion For Fees and Costs

   A. Plaintiff is the Prevailing Party

There is no dispute that Plaintiff is the prevailing party in this action. (ECF No. 29) (stipulating that Plaintiff is the prevailing party and may pursue its fees). As such, the Court turns to the lodestar calculation.

   B. Lodestar Calculation

      1. Defendants Do Not Challenge Plaintiff's Counsel's Hourly Rate

Defendants do not challenge the hourly rate billed by Plaintiff's counsel or their staff. (ECF No. 33 ("Def. Br.") at 5) ("Defendants do not object to the hourly rates of Plaintiff[']s counsel for work that needed to be performed by attorneys of their skill levels and experience."). The following individuals billed at the following rates during times relevant to the current fee petition:

5

(1) Mark Haltzman, Esq., a partner, billed between $425 and $450 per hour;

(2) Malcolm Gould, Esq., senior counsel, billed between $325 and $365 per hour;

(3) Molly Hanford, a senior paralegal, billed $175 per hour; and

(4) Amy Bins, a paralegal, billed $150 per hour.

Because Defendants do not challenge these rates, the Court will adopt them in conducting the present lodestar analysis.

### 2. Reasonableness of Hours Expended

Plaintiff seeks a total fee and cost award of $74,384.08. (ECF No. 36 at 2). Plaintiff supports its request by submitting individualized time entries from counsel's firm along with an explanation of its fees incurred for each phase of litigation. Specifically, Plaintiff represents its counsel spent

- $3,285.00 worth of time during the complaint filing and pre-discovery stage;

- $19,222.50 worth of time during the written discovery/pre-depositions stage;

- $25,395.00 worth of time during the depositions/remaining discovery stage;

- $9,219.00 worth of time during the settlement stage;

- $6,555.00 worth of time drafting the initial fee petition; and

- $9,105.50 worth of time drafting the reply to the fee petition.

(ECF No. 36 at 2).

6

Plaintiff also explains that it incurred $1,602.08 in litigation costs in this action. (ECF No. 36 at 2). Plaintiff submits all individual time entries from the billing attorneys and staff for the Court's review. These time entries clearly identify the date the work was completed, the amount of time spent, the individual completing the task, the fee sought for the task completed, and the task completed during that timeframe.

Defendants argue that the fee requested by Plaintiff is (1) unreasonable in light of the amount in dispute, (2) inflated due to overstaffing and unnecessary use of senior lawyer time on associate-level tasks, (3) inflated because Plaintiff seeks fees for administrative tasks, and (4) should be reduced due to vague time entries. (ECF No. 33 at 1). The Court disagrees with Defendants' objections.

    a. The Amount In Dispute Does Not Render Plaintiff's Fee Request Unreasonable

While Defendants argue generally that "Plaintiff's fees are not reasonable given the amount in dispute," (Def. Br. at 1), Defendants do not explain why the amount at issue requires a reduction in the fee to be awarded. In fact, available precedent suggests that a fee award should not be reduced solely because of its relation to the amount of damages awarded.

"[A] court may not reduce a fee award based on a proportionality analysis between the damages awarded and the fees requested[.]" Roccisano v. Township of Franklin, No. 11-6558, 2015 WL 3649149 at *19 (D.N.J. June 11, 2015). Instead, courts may account for the overall success of the prevailing party in the action, which may include consideration of "[t]he amount of damages awarded" in relation to the "amount of damages requested[.]" Id. (quoting Washington v. Philadelphia Cnty. Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir. 1996)) (emphasis removed).

In this case, Plaintiff obtained a complete victory: it sought return of its $100,000 deposit and obtained a refund of $100,000. As such, the Court finds no reason to reduce the fee award for reduced success, as Plaintiff fully succeeded. If anything, Plaintiff's complete victory supports a finding that no reduction is necessary. See Roccisano, No. 2015 WL 3649149 at *19.

      b. <u>The Fee Sought Need Not Be Reduced Due To Staffing Choices</u>

Defendants argue that any fee award should be reduced because Plaintiff used more expensive senior lawyer time for tasks that could have been completed by less expensive, more junior lawyers. (ECF No. 33 at 5-6). Defendants specifically identify time entries for tasks they argue should have been

handled by more junior lawyers.  See (ECF No. 33 at 7).
Defendant identifies William C. Katz, Esq., a more junior lawyer
at Plaintiff's firm, as someone who could have been staffed on
this matter, suggesting the Mr. Gould could have been
substituted for Mr. Katz.  However, Mr. Haltzman certifies that
Mr. Katz's rate and Mr. Gould's rate during the relevant period
were the same.  (ECF No. 36-1 at ¶¶9-13) ("During almost the
entire pendency of this litigation, Mr. Gould's time was billed
at an 'associate rate' equal to that of Mr. Katz.").

As such, the evidence proves the time billed by Plaintiff's
counsel was not inflated by staffing the matter with more
expensive counsel; instead, Plaintiff staffed this matter with
lawyers adequately billing at associate-level rates for
associate level tasks – rates Defendants do not challenge.
Replacing Mr. Katz with Mr. Gould would have no material effect
on the fee application.  As such, this specific objection is
rejected.

        c. <u>Plaintiff Adequately Supports Its Fee Application With Time Entries and Explanations</u>

Defendants challenge more than fifty of Plaintiff's
counsel's time entries as vague.  Plaintiff argues that it has
adequately supported its fee expenditures.

Attorneys seeking compensation must document the hours for
which payment is sought "with sufficient specificity."

9

Washington v. Philadelphia Cty. Court of Common Pleas, 89 F.3d 1031, 1037–38 (3d Cir. 1996) (quoting Keenan v. City of Philadelphia, 983 F.2d 459, 472 (3d Cir. 1992)). "[A] fee petition is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" Keenan, 983 F.2d at 472 (citing Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990)).

However, specificity is only required to the extent necessary for the court "to determine if the hours claimed are unreasonable for the work performed." Washington, 89 F.3d at 1037–38 (quoting Rode, 892 F.2d at 1190). The Third Circuit has explained that a fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." Id. However, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Washington, 89 F.3d at 1037–38 (quoting Rode, 892 F.2d at 1190).

Defendants challenge dozens of time entries, each of which the Court has reviewed. The Court finds the entries challenged are not so vague as to require reduction of the fee requested. For example, Defendants challenge as vague Mr. Gould's billing

entries for "[r]eview notice of removal; review issues regarding litigation strategy" and "review issues regarding settlement." The Court is confident in its ability to understand what Mr. Gould was accomplishing during those times with the degree of specificity required by Rode, 892 F.2d at 1190. While Plaintiff's counsel may not have specified exactly what documents they were reviewing, such specificity is not necessarily required. See Washington, 89 F.3d at 1037–38 (quoting Rode, 892 F.2d at 1190).

The Court's confidence in its understanding is bolstered by Plaintiff's phase-by-phase explanation of the time it spent, which the Court has used to cross-reference the time entries submitted. See (ECF No. 36 at 2). Measuring the aggregated phase-by-phase billing alongside the individualized billing entries, the Court is satisfied Plaintiff has identified the tasks it undertook in support of its case with enough specificity to allow this Court to determine those efforts were not unreasonable or cumulative. As such, Defendants' objection to Plaintiff's fee request on this point is rejected.

> d. <u>Plaintiff Is Entitled to Recover Fees Paid By Plaintiff for Paralegal Efforts</u>

Defendants argue that almost all tasks delegated to the paralegals employed by Plaintiff's counsel's firm are not chargeable or reasonably recoverable. The Court disagrees.

11

Nearly all of the paralegal time entries refer to reviewing and revising pleadings, preparing documents for filing and transmittal, working with process severs, calendaring case management deadlines, reviewing filing deadlines and orders from the court, and other case management related tasks.  Defendants point this Court to its decision in <u>Bilazzo v. Portfolio Recovery Assocs., LLC</u>, 876 F. Supp. 2d 452 (D.N.J. June 25, 2012) (Hillman, J.) in arguing that such fees should not be recoverable in this action.

In <u>Bilazzo</u>, the Court held that to be recoverable as reasonable attorneys' fees, administrative tasks must be of the typed billed to a client.  <u>See</u> <u>Bilazzo v. Portfolio Recovery Assocs., LLC</u>, 876 F. Supp. 2d at 471-472 (citing <u>Levy v. Glob. Credit & Collection Corp.</u>, No. 10-cv-4229, 2011 WL 5117855, at *6 (D.N.J. Oct. 27, 2011)) ("As a general rule, time that would not be billed to a client cannot be imposed on an adversary. . . .  Thus, administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition.").  In this case, the evidence reveals the fees Defendants challenge were not only billed to Plaintiff, but in fact paid by Plaintiff.  (ECF No. 30-4 at ¶44) (The bills submitted by Plaintiff's counsel "reflect the actual fees and costs billed to the client and paid by the client").  Because Plaintiff paid these fees, and because they were in fact billed

to the client, Bilazzo supports Defendants' obligation to pay them as well.[1]

   e. Plaintiff Is Entitled To Recover Fees Relating To The Petition And Reply

Defendants argue that fees relating to Plaintiff's motion and reply papers should not be awarded because (1) the work should have been done by less senior, less expensive counsel,[2] and (2) Plaintiff spent too much time on the fee petition and reply.

In a proceeding to determine an award of attorneys' fees, an attorney may include in a supporting affidavit fees for preparing the petition seeking fees and litigation costs. Bagby v. Beal, 606 F.2d 411, 416 (3d Cir. 1979); Institutionalized Juveniles v. Sec'y of Pub. Welfare, 758 F.2d 897, 925 (3d Cir. 1985) (permitting recovery of fees for time spent on fee

---

[1] Defendants make a similar argument as to travel time, arguing, in a single sentence, that travel time should be compensated at only 50% of the normal rate. A review of counsel's time entries reveals only one entry capturing travel time. (ECF No. 30-4 at 53) (billing entry from Mr. Haltzman, a portion of which is for "travel to/from court"). Plaintiff was forced to compensate Plaintiff's counsel at 100% of its rate for this time, which was the rate reasonably agreed to by client and counsel. The Court finds no basis to reduce that rate for Defendants' benefit, particularly where the parties agreed to indemnify each other for fees and costs incurred if litigation pursued and the other party was deemed the prevailing party.

[2] Because the Court previously disposed of this issue, supra, it need not readdress it here.

petition, but reducing the award due to limited success on the merits).

The Court finds Plaintiff did not spend excessive time on the fee petition. Once drafted, Defendants submitted a multifaceted opposition, challenging the fees on numerous grounds, which Plaintiff was forced to respond to. Plaintiff was forced to incur legal fees in doing so, which Plaintiff actually paid to counsel. Pursuant to the Agreement, Defendant is responsible for those expenses. Consistent with the parties' Agreement, the Court will not reduce the fees sought by Plaintiff for briefing the present motion.

C. Costs

Defendants argue that Plaintiff fails to adequately support its cost application. The Court disagrees.

Plaintiff seeks $1,602.08 in litigation costs, which includes (1) $250 for its complaint filing fee in state court, (2) $43.12 for parking and mileage relating to court appearances, (3) $195 for subpoena service costs, (4) $28.96 for FedEx charges, and (5) $1,085 for the deposition transcript of Jerry Swon. (ECF No. 30-4 at ¶78). Plaintiff submitted supporting documents for these costs. See (ECF No. 30-4 at 57-59). Defendants do not explain how such costs are excessive or unwarranted, and these costs appear adequately specific in nature. Defendants have not met their burden in challenging the

reasonableness of these costs, and the Court is satisfied that they are, in fact, reasonable.

## **CONCLUSION**

Finding no basis to reduce the fees and costs sought by counsel, Plaintiff shall be awarded $72,782 in fees and $1,602.08 in costs, for a total award of $74,384.08.  An appropriate Order will follow.


Date: March 16, 2020             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.